**IN THE COURT OF APPEALS OF IOWA**

No. 19-1756
Filed November 4, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALAN DALE RIEKEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Paul D. Miller,

Judge.

        Alan Rieken appeals following his guilty plea.  **APPEAL DISMISSED.**

        Anne K. Wilson of Viner Law Firm, PC, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.

        Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge**

In September 2019, Alan Rieken pled guilty to interference with official acts with a firearm, child endangerment, and assault while displaying a dangerous weapon. The district court sentenced Rieken the same day. Rieken appeals.

We cannot reach the merits of Rieken's appeal. Our legislature recently amended Iowa Code section 814.6(1)(a)(3) (2019) to prohibit most appeals from "conviction[s] where the defendant has pled guilty."[1] Section 814.6(1)(a)(3) allows for two exceptions: (1) "a guilty plea for a class 'A' felony"; and (2) "in a case where the defendant establishes good cause." But Rieken did not plead guilty to a class "A" felony. So, as Rieken concedes, his right to appeal depends on whether he has "establish[ed] good cause."

As the State notes, however, Rieken has made no argument to support a finding of "good cause." And we decline to construct an argument on Rieken's behalf. *See, e.g.*, *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) (noting "we will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments"). Instead, we treat Rieken's silence as a waiver of the issue. *State v. Gibbs*, 941 N.W.2d 888, 902 (Iowa 2020) (McDonald, J., specially concurring) ("The failure to make an argument in support of an issue constitutes waiver.").

---

[1] The amendments apply where, as here, the defendant was sentenced on or after July 1, 2019. *See State v. Damme*, 944 N.W.2d 98, 103 n.1 (Iowa 2020) (citing *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019)).

Iowa Code section 814.6(1)(a)(3) precludes Rieken's appeal. We must dismiss.

**APPEAL DISMISSED.**